UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

             -v.-                                           ORDER

DAVID TUCKER,                                17-CR-753-9 (CS)

                    Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant David Tucker's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 378, 385), and the Government's opposition thereto, (Doc. 386).

      Defendant was arrested on December 14, 2017. On February 27, 2019, he was sentenced principally to 96 months' imprisonment. (Doc. 262.) That sentence was well below the advisory Sentencing Guidelines range of 188-235 months. (Doc. 229 ("PSR") at 29.) He has served a little over thirty-six months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

    Defendant argues that the dangers presented by the coronavirus pandemic at FCI Allenwood Low, combined with medical conditions – specifically, hypertension, obesity, prediabetes and arthritis – that put him at increased risk for a severe case should he develop COVID-19, amount to an extraordinary and compelling reason.  The prediabetes and arthritis are not on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing, or even possibly causing, increased risk for severe disease if one contracts COVID-19.  But the CDC has identified hypertension as a condition that might be a risk factor, and obesity as a condition that is a risk factor.  Social distancing is all but impossible in prison, and there is an outbreak at FCI Allenwood Low.  The Government does not dispute that this combination of circumstances presents an extraordinary and compelling reason, and I agree.

    But I must still have to consider the § 3553(a) factors.  They militate strongly against release barely a three-eighths of the way into Defendant's already-well-below-Guidelines

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But  "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

sentence. The instant conviction was Defendant's *seventeenth*. He was 48 years old at the time of the instant arrest, not an impulsive or immature youth. He has been committing drug and other crimes literally for decades. As I noted at sentencing, (Doc. 289 at 16), he is a "massive risk for recidivism." I recognize that drug use contributed to his criminal record, but there is no getting around Defendant's criminal history. To let Defendant out now would seriously undermine several of the purposes of sentencing. It would not sufficiently address the history and characteristics of the Defendant, especially his abysmal criminal record and disrespect for the law. It would not be just punishment, would insufficiently deter Defendant and others, and would introduce unwarranted sentencing disparities. It would promote disrespect for the law if someone with Defendant's string of convictions were released after serving only three years and less than 40% of his sentence. Perhaps most importantly, release at this point would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's long rap sheet. There is, sad to say, no reason to believe that Defendant will be any more law-abiding this time around than he has been in the past. In short, the extraordinary and compelling circumstances are outweighed by the § 3553(a) factors.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 378, and to send a copy of this Order to David Tucker, No. 79820-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000 White Deer, PA 17887.

Dated: December 28, 2020
      White Plains, New York

                                                                                 CATHY SEIBEL, U.S.D.J.